[36 NYS3d 912]

In the Matter of BILL TSOUMPELIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 31, 2016

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated March

7, 2016 (2016 NY Slip Op 66344[U]), in a disciplinary proceeding under Appellate Division docket No. 2015-11784, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii); the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated September 29, 2015; and the issues raised were referred to the Honorable Georgia Tschiember, as Special Referee, to hear and report.

Unbeknownst to the Court, the respondent was arrested, and on January 15, 2016, he pleaded guilty before the Honorable Erica Prager, in Supreme Court, Nassau County, to two counts of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony. At his plea allocution, the respondent admitted that: (1) from on or about July 11, 2014 until November 30, 2015, he stole U.S. currency in excess of $3,000 from Lu-Ho Wang and James Wang, and (2) from on or about November 30, 2011 until March 31, 2012, he took U.S. currency in excess of $3,000 from Scott Rosenthal and Candace Rosenthal. The respondent specifically admitted that he stole $21,904 from the Wangs, and $15,000 from the Rosenthals. On April 8, 2016, the respondent was sentenced to five years' probation on each count, directed to make restitution in the form of a civil judgment in the amount of $36,904, and directed to pay a surcharge of $300, a DNA fee of $50, and a crime victims assessment fee of $25.

Although the Grievance Committee's motion was personally served on the respondent on April 11, 2016, he has neither responded to the motion nor asked for additional time in which to do so.

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's automatic disbarment on January 15, 2016.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, Bill Tsoumpelis, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Bill Tsoumpelis, is disbarred, effective January 15,

2016, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Bill Tsoumpelis, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Bill Tsoumpelis, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Bill Tsoumpelis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that on the Court's own motion, the decision and order on motion of this Court dated March 7, 2016 (2016 NY Slip Op 66344[U]), in the disciplinary proceeding under Appellate Division docket No. 2015-11784, is recalled and vacated in light of the respondent's automatic disbarment on January 15, 2016, and the motion by the Grievance Committee in that proceeding, inter alia, to suspend the respondent from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i) and (iii) is denied as academic.